J. R. Swan, J.
This action was brought in the court of common pleas of Erie county to recover from the defendants, personally, being directors of tbe Sandusky Bank, a penalty under tbe third section of tbe charter of tbe bank, for the unlawful issue of certain bills of tbe bank held by tbe plaintiffs.
Tbe petition alleges two causes of action.
Tbe first count or cause of action states that during tbe year 1848, tbe Bank of Sandusky was a corporation, existing and doing business under “ an act to incorporate, etc., tbe Bank of Sandusky,” passed March 8, 1834. That during said year 1848, tbe defendants were tbe directors of said bank. Tbe petition then recites tbe third section of tbe charter of tbe bank, which is as follows:
“That the whole amount of debts which the said bank shall at any time owe, whether by bond, bill, note, or other contract, shall not exceed twice the capital stock actually paid in, exclusive of the sums due on deposits, and in case of any excess, this act shall thenceforth be null and void, so far as any privileges or advantages are by the same conferred upon the hanking company thus created ; and the directors under whose administration it shall happen, shall be liable for the same, in their natural and individual capacities, in an action of debt, against them, or any of them, their, or any of their respective heirs, executors or administrators, in any court proper or competent to try the same by any creditor or creditors of said bank, and may be prosecuted to judgment and execution, any condition, covenant, or agreement to the contrary notwithstanding ; but this shall not be construed to exempt said bank, or the lands, tenements, goods, chattels, or funds of the same, from being also liable and chargeable with such excess; and any director or directors who may he absent when such excess was contracted or created, or who may have dissented from the resolution or act whereby the same was contracted or created, may respectively exonerate themselves from being so liable, by having their dissent or absence entered on the records of said bank, and by forthwith giving notice thereof to the auditor of state, and to the stockholders at a general meeting, which they shall have power, and are hereby required to call, by giving ten days notice in a newspaper printed in the city of Sandusky, or having a general circulation in Huron county, setting forth in such notice the cause for calling such meeting.”
*217 The petition then avers that in the year 1848, to wit, the 18th September, 1848, while the bank was under the administration of the defendants, “it did happen that the whole amount of the debts which the bank at said time owed by bills, notes and other contracts, did exceed twice the amount of the capital stock of said bank which was then paid in, exclusive of the sums due on deposits; and there was then an excess of indebtedness of said bank over and above the amount of its capital stock paid in.” That the plaintiffs are creditors of- said bank in the sum of five thousand dollars, “being the lawful holders and owners of sundry bank bills, amounting to the sum of five thousand dollars; which notes were issued during the year 1848,” which they file, etc., alleging an excuse for not filing copies. The petition then alleges, “that by reason of the premises, the said directors are liable in their natural and individual capacities for the above sum, which they say constituted a part of the indebtedness of said bank during the year 1848, and when said excess happened, and that they are liable to the action of the plaintiff for the recovery of the said five thousand dollars against them or any of them, or any of their respective administrators. The plaintiff, therefore, asks a judgment against the said defendants for the sum of five thousand dollars, and interest thereon at the rate of twelve per cent., from January 1st, 1849.”
As a second and separate cause of action, the petition alleges the same facts, except that “ the said sum of five thousand dollars constituted a part of the excess of said indebtedness, over and above the amount of stock,” etc., “ and that said excess of indebtedness amounted to more than fifty thousand dollars.”
On motion of the defendants, the plaintiffs were required by the court to elect upon which count they would proceed. To this ruling the defendants excepted; and elected to proceed on the first count.
The defendants demurred for the following causes: 1st, *218 Not sufficient facts. 2. That it appears on the face of the petition that the cause of action is barred by the statute of limitations. 8. Because the indebtedness to the plaintiffs was created before the defendants were directors, and before the excess happened, etc., etc.
The demurrer was sustained by the district court, and the case now comes before this court upon petition in error.
I. As to the order of the court requiring the plaintiffs to elect upon which counts they would proceed.
By the provisions of the code, the plaintiff may unite in one action all causes of action arising from “the same transaction, or transactions connected with the same subject of actionand this includes causes of action legal and equitable, ex contractu and ex delicto. But if the causes of action do not arise from the same transaction, or transactions connected with the same subject of action, then causes of action ex contractu cannot, in general, be united with causes of action ex delicto. Code, sec. 80.
Whenever the facts set out in the petition constitute two or more causes of action, the facts of each cause of action must be separately stated and numbered. Code, see. 86. These separate and distinct statements of causes of action may, for convenience, be called separate counts. Each states the facts constituting a cause of action. If the plaintiff has but one cause of action, the facts cannot be subdivided so as to present fictitiously, as might have been done under common law pleadings, two or more causes of action.
The plaintiffs in this case had but one cause of action, the facts of which they could have set out in one statement. Pleadings under the code must be as liberally construed as the stating part of a bill in chancery by courts of equity; and hence there is no more necessity for stating the facts constituting a single cause of action, separately and in different forms under the code, than there was for courts of equity, or of admii’alty, to have adopted such a practice.
*219 The plaintiffs insist, that the above section of the charter of the bank was susceptible of two interpretations. The first, that the word “ same,” in the sentence “ shall be liable for the same,” refers to the “ whole amount of debts,” etc. The second, that the word “same” refers to the “excess” of debts, over twice the amount of stock paid in; and that in the former ease, if there was an excess, then the directors were liable to a judgment for all the debts; but in the latter case, they are only liable for the amount of the debts, over and above twice the amount of the stock paid in at the time; and the first count was framed to meet the first construction, and the second count to meet the second interpretation. But the counsel truly say, that with “ either construction, the facts would entitle the plaintiffs to recover.” Besides, either construction would not change the facts constituting the cause of action. But we do not decide this question, simply, upon the fact that two counts were unnecessary in this action. The code does not authorize two or more causes of action to be separately stated, when there is in fact but one cause of action. The causes of action required to be separately stated are such as, by law, entitle the plaintiff to separate actions. We are therefore of the opinion that, as it was manifest on the face of the petition, that there was but one cause of action, the court below did not err in compelling the plaintiffs to elect upon which count they would proceed.
II. Can the defendants, on demurrer, interpose the statute of limitations?
The New York code provides that “the objection, that the action was not commenced within the time limited, can only be taken by answer.” No such provision is contained in our code. But it is said, in New York, that even this express provision refers only to cases where the objection does not appear upon the face of the petition, and that, in such case, if the answer does not set up the limitation, it must be considered as waived; but if the ob *220 jection appears on the face of the petition, it is good ground for a demurrer. Van Santv. PI. (2d ed.) 688.
Where the cause of action appears, upon the face of the petition, to be barred, there is, in law, no cause of action alleged; and in analogy with the practice in chancery, we see no objection, in such case, to the defendant interposing a demurrer, under the code. He may either demur in such case, or answer by setting up the bar. If he neither demurs nor sets up the bar in his answer, he waives it. So,
if the petition does not, on its face, show that the cause of action arose at a period creating a bar, then the defendant must set up the limitation in his answer. Where a new promise or acknowledgment has been made, the plaintiff may of course state the barred demand as a consideration of the new promise, and allege the new promise in writing, as the cause of action.
III. As to whether the third section of the charter was intended to authorize an action of debt for a penalty, or create a contract liability.
The section, in the first place, contains a positive inhibition against the bank creating any liability beyond a certain amount. A violation of this inhibition is vindicated in two ways: 1st. The charter is thereby forfeited. 2d. The directors, who participate in such violation of the law, are visited with an action of debt individually, for the excess of any such liability, which may be prosecuted by any creditor, or creditors of such bank, to judgment and execution.
Where a charter makes the individual stockholders or directors personally responsible for all, or any particular debts contracted by the corporation, in violation of the charter, the inhibited contracts of the corporation become, in general, by force of the charter, the contracts of such stockholders or directors; and the creditors may sue the latter and recover from them, as if the contracts were in fact made by them. The liability in such case, and the action, is upon the contract, and the creditor is limited by *221 the terms of the contract, and recovers the amount of the debt remaining unpaid.
In the case before us, the directors are undoubtedly personally liable to the amount of any excess of contract indebtedness created by them. But the plaintiffs claim, futher, that this liability is a contract liability between the creditor, who brings his action of debt under the statute, and the directors; whereas the defendants claim that it is not a contract liability, hut a penalty, the amount of which is merely measured by the amount of the excess of indebtedness. It is very clear, that if the section of the charter under consideration does, by its own force, create a personal contract between the directors and creditor, who is authorized to sue them, then the action, being on a contract, must have been commenced within six or fifteen years — depending, as to time, whether the contract was by parol, or in writing.
There are these peculiar features in the relation of creditors who are authorized to sue directors under this section, and which, to a majority of the court, very clearly distinguish the ground of the action from contract, and show that the action provided for is a penal action:
1st. The section does not make the directors personally liable on the contracts of indebtedness which created the excess, but solely for the excess itself. 2d. The liability of the directors for the amount of this excess, is not to the persons who hold the contracts of indebtedness created in excess of the limitation, but to any creditor or creditors of the bank. Hence the ground of the action is not the original contracts with the creditors: those contracts simply give any of them the right or title to sue as plaintiff. 3d. The amount of the recovery by any creditor does not depend upon the amount the bank owes him, nor upon the nature of the debt due to him : under the statute, the creditor who sues recovers the amount of the excess, and that, too, whether the debt due the plaintiff forms a part of the excess or not. 4th. The liability of the directors is *222 provided for as in penal statutes, to vindicate a violation of law. 5th. The action provided, is the usual action prescribed by penal statutes to recover a penalty. 6th. The action of the creditor must be debt, whether his contracts with the bank be such as to authorize such a form of action or not.
We hold, that the action provided for by the charter is penal, given to any creditor; for all are equally injured by a violation of the prohibition of the section; given for the benefit of all, and to create a fund for the indemnity of all; and the amount of the recovery is measured by the amount of excess of liability created by the directors.

The judgment below is affirmed.

Brinkerhoee, Scott and Sütliee, JJ., concurred.
Bartley, C. J., dissented.